## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA MARSH FRAZIER | ) Civil Action No.: |
| versus | ) Judge: |
| TARGET CORPORATION, TARA GLASPER AND XYZ INSURANCE CO. | ) Magistrate Judge: |

### NOTICE OF REMOVAL

Defendant Target Corporation (hereinafter "Defendant" or "Target"), fully reserving its rights to raise all defenses and objections to which it may be entitled, hereby removes Case No. 616777 from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. In support hereof, Defendant represents as follows:

### Removal Jurisdiction

1.

Removal is proper in any civil action "of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Target bases this removal on federal question jurisdiction under 28 U.S.C. § 1331 (giving district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").

2.

Target files this Notice of Removal within 30 days of receipt of the initial pleading (Plaintiff's Petition for Damages, *see* Exhibit A), which was served on November 13, 2012. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b)(1).

3.

Venue is proper in the United States District Court for the Middle District of Louisiana because the 19th Judicial District Court for the Parish of East Baton Rouge is located within this District. 28 U.S.C. § 1441(a).

## Statement of Facts

4.

On or about November 5, 2012, Plaintiff Laura Marsh Frazier filed a Petition for Damages against Target entitled "LAURA MARSH FRAZIER vs. TARGET CORPORATION, TARA GLASPER AND XYZ INSURANCE CO." in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing Case Number 616777, Section 24. A copy of the Citation and Petition for Damages is attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446(a).

5.

In the Petition Plaintiff alleges she was employed by Target as a Market Sales Floor Team Leader from September 23, 2007, until February 25, 2011. (Petition, ¶ 2).

6.

Plaintiff alleges that "[a]pproximately 90 days after her employment began with Target, she advised company officials that she had been diagnosed with epilepsy and requested accommodations under the Americans with Disabilities Act of 1990." (Petition, ¶ 3).

7.

Plaintiff alleges that she filed an EEOC Charge in May 2010, "because of Target's failure to acknowledge or attempt to accommodate the physical maladies affecting LAURA MARSH FRAZIER." (Petition, ¶ 15).

8.

Plaintiff alleges that Target retaliated against her for filing her EEOC Charge by writing her up and ultimately terminating her employment. (Petition, ¶¶ 8, 15). Plaintiff also alleges that her employment was terminated because she requested an accommodation under the ADA. (Petition, ¶ 15).

## Federal Question Jurisdiction

9.

This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 as Plaintiff's Petition invokes a federal question on its face arising under the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5) and 42 U.S.C. § 1981a. Accordingly, a federal question exists because Plaintiff's causes of action arise under the laws of the United States.[1]

10.

Accordingly, because the Petition alleges claims arising under federal law, this Court has original jurisdiction and this matter is properly removable. 28 U.S.C. §1331; *id.*, at 1441(a).

## Consent of All Defendants

11.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Tara Glasper consents to this Removal. Anonymous defendants, such as "XYZ Insurance Co.", need not consent to removal.

---

[1] Target submits that Plaintiff has not articulated any state law claims, and that any such claims would nevertheless be untimely. However, to the extent Plaintiff may have articulated a state law claim, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

- 3 -

### Notice to Other Parties and the State Court

12.

Along with the filing of this Notice of Removal, Target has at the same time given written notice to Plaintiff by furnishing copies of this Notice of Removal, and will file forthwith notice of this removal in the 19th Judicial District Court for the Parish of East Baton Rouge.

### Rule 11

13.

This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### CONCLUSION

Defendant Target Corporation has properly established that federal question exists based on the claims set forth in Plaintiff's Petition for Damages. This case is, therefore, removable, and Target requests the Court exercise removal jurisdiction over this case.

Respectfully submitted,

*/s/ Jennifer L. Englander*
Steven Hymowitz, T.A. La. Bar No. 7140
Jennifer L. Englander, La. Bar No. 29572
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, Louisiana 70139
Telephone: (504) 648-3840
Facsimile: (504) 648-3859
Email: Steven.Hymowitz@ogletreedeakins.com
         Jennifer.Englander@ogletreedeakins.com

Attorneys for Target Corporation

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court via the ECF/CM System and served on all counsel of record by facsimile and Federal Express Overnight Delivery on this 28th day of November, 2012.

／s/ *Jennifer L. Englander*