UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA MARSH FRAZIER | ) ) ) |
| versus | ) Civil Action No.: 3:12-cv-750-JJB-SCR ) |
| TARGET CORPORATION, TARA GLASPER AND XYZ INSURANCE CO. | ) ) ) ) |

## STATUS REPORT

### A. JURISDICTION

This matter was removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, based on this Court's original federal question jurisdiction under 28 U.S.C. § 1331.

### B. BRIEF EXPLANATION OF THE CASE

1. Plaintiff claims:

The plaintiff filed a suit for damages arising out of incidents which occurred during her employment with Target Corporation. Plaintiff is a major resident of the Parish of East Baton Rouge, State of Louisiana. Her employment began with the Target Corporation on or about September 23, 2007. Said employment continued to February 25, 2011.

Approximately 90 days after she began employment with the Target Corporation, plaintiff advised the Target Corporation that she had been diagnosed with epilepsy. She further requested that she be allowed legal accommodations under the Americans with Disabilities Act of 1990. Said diagnosis was confirmed by a neurologist by way of documentation provided to Target Corporation.

After having several epileptic episodes, plaintiff continued to ask Target Corporation for accommodations to allow her to continue being gainfully employed with Target Corporation. Specifically, plaintiff asked that there be a ten to fifteen minute "window" of time for her to report to work when scheduled so as to allow her the opportunity to recover from any seizures she might have on any given morning.

Because of their refusal to accommodate the plaintiff, Laura Frazier sought assistance from the EEOC. When Target Corporation received notice of the complaint filed by plaintiff with EEOC, Target Corporation began to systematically "write up" plaintiff for tardiness, even for times in which she was not expected to report for work. Additionally, Target Corporation

1

engaged in the practice of changing plaintiff's schedule for work without sufficient notice to plaintiff. On her final day of work, plaintiff had a partial seizure and once she sufficiently recovered from same, she was terminated that day.

    2. Defendant's claims:

Defendant Target Corporation[1] denies the above allegations and denies any unlawful conduct regarding Plaintiff. With respect to Plaintiff's work schedule, Defendant scheduled Plaintiff according to her stated availability, and accommodated her request to have a later start time. However, even with this accommodation, Plaintiff regularly reported to work late in violation of company policy. Therefore, Plaintiff was not a qualified individual with a disability as contemplated by the ADA. Additionally, Plaintiff's employment was terminated for lawful reasons related to her attendance issues, not her alleged disability or EEOC Charge, and was not violative of the ADA.

## C. PENDING MOTIONS

None

## D. ISSUES

This case involves the following principal legal issues, all of which are disputed[2]:

1. Plaintiff's issues:
    i. Whether Target Corporation was in violation of federal and/or state law for its refusal to make accommodations for the documented disability of plaintiff;

    ii. Whether Target Corporation was in violation of federal and/or state law for its retaliatory actions taken after becoming aware of the EEOC complaint filed by plaintiff;

    iii. Whether Target Corporation was in violation of federal and/or state law for its retaliatory termination of plaintiff;

    iv. The extent of the damages caused to plaintiff by defendant;

    v. All other issues given in the instant suit.

All issues remain in dispute.

---

[1] Defendant Tara Glasper was voluntarily dismissed from this lawsuit pursuant to the Court's February 8, 2013 Order. (Rec. Doc. 13).

[2] To the extent any of the following legal issues is found to also raise an issue of fact, Defendant contends that there is no genuine issue of material fact contained herein that would preclude summary judgment for Defendant on any of Plaintiff's claims.

Defendant's Issues:

1. Plaintiff's state-law claims are time-barred;

2. Plaintiff was not disabled within the meaning of the Americans with Disabilities Act ("ADA");

3. Plaintiff was not a qualified individual with a disability within the meaning of the ADA;

4. Defendant reasonably accommodated Plaintiff's alleged disability;

5. Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason unrelated to her disability;

6. Plaintiff cannot prove that she suffered any alleged adverse employment action because of her alleged disability;

7. Plaintiff's EEOC Charge was not the "but for" cause of any alleged adverse employment action;

8. Plaintiff is not entitled to actual and compensatory damages for back pay, reinstatement of benefits, future economic losses, mental anguish, emotional pain and suffering, loss of enjoyment of life, embarrassment, inconvenience, attorney's fees, court costs, interest and other equitable relief.

9. Target's alleged adverse employment actions toward Plaintiff were not done out of malice and/or with reckless indifference to Plaintiff's rights, such that Plaintiff is not entitled to punitive damages.

The parties reserve their right to amend this list of issues as discovery progresses.

**E. DAMAGES**

1. Plaintiff's calculation of damages:

As a direct result of the defendant's action, plaintiff has suffered a loss of employment and loss of income. Because of the employment record of Target Corporation, plaintiff has suffered a loss of subsequent successful employment and income.

All of the damages of the plaintiff were directly caused by the actions of the defendant, Target Corporation. Plaintiff's claims for special and general damages is in excess of $75,000.

2. Defendant's calculation of offset and/or plaintiff's damages:

3

Defendant contends there is no liability for the damages sought and that certain damages sought are unavailable in this case. Further, to the extent that damages exist (which is denied), then Defendant is entitled to an offset in the amount of any wages or benefits from any source that Plaintiff received or could have received if she properly mitigated his damages, subsequent to February 25, 2011.

**F. SERVICE**

Defendant has been served and has responded to the petition. There are no outstanding service issues.

**G. DISCOVERY**

1. Have the initial disclosure required under FRCP26(a)(1) been completed? No.

    A. Do any parties object to initial disclosures? No.

    B. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.

    The parties agree to exchange initial disclosures on or before April 18, 2013.

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff: None at this time

    By defendant: None at this time.

3. Protective orders or limitations on discovery that may be sought:

At this time, there are no protective orders or other discovery limitations required. However, plaintiff contends that such may be required as information is gathered through the course of discovery.

Defendant may seek a protective order regarding its confidential information, including but not limited to its policies, personnel information of persons other than Plaintiff, summary plan descriptions, and proprietary and/or financial information and records.

4. Discovery from experts:

    A. Identify the subject matter(s) as to which expert testimony will be offered:

        1. By plaintiff: At this time, no expert has been retained. However, discovery has just begun. Plaintiff may need to call medical experts, and other experts as may be revealed through the course of discovery.

4

2. By defendant: Defendant may call an expert witness regarding the existence, scope, and effect of Plaintiff's alleged disability and any reasonable accommodation, as well as an expert on the issue of damages.

**H. PROPOSED SCHEDULING ORDER**

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims: May 2, 2013.

2. Recommended deadlines for completion of fact discovery: December 20, 2013.

    A. Exchanging initial disclosures required by FRCP 26(a)(1): April 18, 2013

    B. Filing all discovery motions and completing all discovery except experts: December 20, 2013.

3. Disclosure of identities and resumes of expert witnesses:

    A. Plaintiff: August 30, 2013

    B. Defendant: October 15, 2013
    C.
4. Exchange of expert reports:

    A. Plaintiff: August 30, 2013

    B. Defendant: October 15, 2013

5. Completion of discovery from experts: January 20, 2014

6. Filing dispositive motions and Daubert motions: February 17, 2014

7. The parties are agreeable to the deadlines set forth herein above. However, should the deadlines need to be adjusted for the schedules of the Court the parties are amenable to such consideration.

**I. TRIAL**
1. Has a demand for trial by jury been made? No
2. Estimate the number of days that trial will require: 3-4 days

**J. OTHER MATTERS**

1. Are there any specific problems the parties wish to address at the scheduling conference? No

2. Do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  Yes

**K. SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    The EEOC attempted to facilitate a settlement regarding Plaintiff's claims; however, the parties were unable to reach an agreement regarding same. The parties have not discussed settlement since the filing of the instant lawsuit.

2. Do the parties wish to have a settlement conference?

    A. Plaintiff:  Plaintiff would be agreeable to a settlement conference between the parties herein at any juncture in this action.

    B. Defendant:  Defendant is amenable to a settlement conference after adequate discovery has been completed.

**L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

1. All parties agree to jurisdiction by a Magistrate Judge of this court:

    YES ____         NO __X__

**Report Dated: February 14, 2013**

| | |
|---|---|
| */s/ Jay M. Simon* | */s/ Jennifer L. Englander* |
| Jay M. Simon, La. Bar No. 26515 | Steven Hymowitz, T.A. La. Bar No. 7140 |
| Jonathan W. Duncan, La. Bar No. 26629 | Jennifer L. Englander, La. Bar No. 29572 |
| DUNCAN AND SIMON, LLC | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 8480 Bluebonnet Blvd., Suite G | One Shell Square |
| Baton Rouge, LA 70810 | 701 Poydras Street, Suite 3500 |
| Telephone: (225) 768-7803 | New Orleans, Louisiana 70139 |
| Facsimile: (225) 768-7804 | Telephone: (504) 648-3840 |
| | Facsimile: (504) 648-3859 |
| Attorneys for Plaintiff, Laura Marsh Frazier | Email: Steven.Hymowitz@ogletreedeakins.com |
| | Jennifer.Englander@ogletreedeakins.com |
| | Attorneys for Target Corporation |

14375309.1 (OGLETREE)